UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
UNITED STATES OF AMERICA,                   :
                                            :
                -against-                   :
                                            :        ORDER
ELGIN BRACK and SCOTT BRACK,                :
                                            :        18-CR-684 (ENV)
                                Defendants. :
                                            :
---------------------------------------------------------------- :
                                            x

VITALIANO, D.J.

The government seeks reconsideration of the Court's October 10, 2019 Order, Dkt. 86, about which it had no prior opportunity to be heard, granting Elgin Brack's counsel permission to be present for the psychiatric examination of his client. Government's Letter ("Govt. Ltr."), Dkt. 89, at 1. The government also seeks reconsideration of the Court's October 22, 2019 Order, denying a stay as to the briefing on Brack's pre-trial motions, Dkt. 85, which are still subject to their original schedule. Govt. Ltr. at 2. Brack's counsel has opposed both of the government's requests. Brack's Letter ("Brack Ltr."), Dkt. 90.

Regarding Brack's counsel's presence at the examination, the government makes two arguments. Chief among them is that certain practical considerations make it challenging to accommodate Brack's counsel's presence. These obstacles include that attorneys are not ordinarily allowed in the secure area at the Metropolitan Correctional Center ("MCC") in which such evaluations are conducted, complicating scheduling already hobbled by the fact that forensic psychiatrists are unable to schedule times in advance of the evaluation due to the size of their caseloads. Worse, the obstacles and complications could affect the validity of the evaluation. Govt. Ltr. at 1. Secondarily, the government argues that if Brack's counsel were present, he may become a witness at a later competency hearing, thus creating a conflict

1

potentially requiring a *Curcio* or some other ethics inquiry. *Id.*

To the government's second point, the fact that New York State courts routinely allow counsel to be present during psychiatric evaluations strongly suggests that Brack's counsel's presence at the evaluation creates neither an ethical violation nor a *Curcio* issue. *See, e.g., Ramsey v. New York Univ. Hosp. Ctr.*, 789 N.Y.S.2d 104, 105 (1st Dep't 2005). Ethical considerations aside, however, the practical issues the government raises here will be the fulcrum for the Court, especially considering that attorney presence at psychiatric hearings is disfavored in federal court. *See United States v. Wilson*, 920 F. Supp.2d 287, 306 (E.D.N.Y. 2012) (collecting cases). The Court's October 10, 2019 Order is thus modified to delete paragraph 2, which states: "Defendant's counsel, Joel Mark Stein, shall have permission to be present for the psychiatric or psychological examination." Scheduling of the evaluation should proceed expeditiously.

Separately, with respect to the government's renewed request to stay the briefing schedule, the motion is granted to the extent that briefing on the motions to suppress is stayed pending resolution of Brack's competency to assist in his own defense, but is otherwise denied, except that the government's deadline for filing its opposition is extended from November 8 to the close of business on November 14, and Brack's deadline for filing his reply is extended from November 15 to the close of business on November 21. The Court, as previously calendared, will hold a status conference and oral argument on all motions other than the motions to suppress on November 22 at 2:30 p.m.

So Ordered.

Dated:   Brooklyn, New York
           October 31, 2019

                                                /s/Eric N. Vitaliano
                                                ERIC N. VITALIANO
                                                United States District Judge